LEIATAUA AH CHING, Petitioner

v.

OTILA AH CHING, Respondent

High Court of American Samoa
Trial Division

DR.No. 47-88

November 3, 1989

---

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and OLO, Associate Judge.

Counsel: For Petitioner, Charles V. Ala'ilima
For Respondent, Togiola T.A. Tulafono

On or about March 17, 1989 the Court found that the respondent/counter-petitioner had satisfactorily proven grounds for divorce and accordingly announced its findings and conclusions. With regard to ancillary issues, the proceedings were continued to allow the parties to discuss the division of marital assets and liabilities. These discussions have led to a mutual resolution (the Court was advised that appropriate stipulations would be reduced to writing and filed with the Clerk for the Court's approval and annexation to the decree of divorce) in all but two issues, which are here presented for the Court's determination.

*Factual Background*

The parties were married on or about February 23, 1987, and separated in January 1988. During the short period of cohabitation, the parties built a home on communal land of the respondent's family. They made a sizable home loan and engaged certain relatives of the petitioner to build the said home fa'a Samoa (the builders would be rewarded for their labor with presentations in accordance with Samoan custom). Respondent on her own accord arranged and made certain remunerative presentations for the builders in accordance with her perception of what was due under custom. Petitioner, on the other hand, feels that the builders were insufficiently rewarded.

The parties have sensibly agreed that the marital home be awarded to respondent on the condition that she repay the home loan and indemnify petitioner accordingly.[1] Petitioner, however, also claims in addition a total of $9,500 from the respondent as set out below.

### The Dispute

A. One claim is for $6,500 which petitioner feels should be additionally paid by the respondent to the carpenters. In his view a further payment of $6,500 would be fitting, given the extent of work undertaken. Petitioner seeks the said amount so that $5,000 may be given to a carpenter named Taito and $1,500 to the finishing carpenter named Lene.

B. Additionally, petitioner wants respondent to reimburse him the sale proceeds of his pickup truck. Petitioner claims that these funds were used by the respondent to provide food for the builders while they were working on the marital home. Petitioner testified that the truck (which he had purchased before the marriage) was sold to his son in Western Samoa for $4,000 and that his son turned over the proceeds to respondent. Although he admitted using $1,000 thereof, petitioner testified that the sale proceeds were earmarked for the purchase of another vehicle. While he further admitted that he did not know exactly how the remainder of the proceeds were used, he seeks $3,000 from respondent on the basis that the proceeds of the sale of his separate property would have benefitted the construction of the home.

Respondent, on the other hand, denied using all of the sale proceeds to feed the carpenters. She testified that she received the proceeds in installments and that the funds simply went into the overall household budget. As the family exchequer, she testified that she applied the first $1,000 to pay off an account which petitioner had incurred. The rest of the money was expended not only on food for the carpenters but also on petitioner's large extended household who lived with them. At the same time, the money was also used on such typically family expenses as fa'alavelave and village and church matters.

---

[1] In fact, since the filing of the petition and counter-petition, respondent has refinanced the home loan by taking out another in her name alone.

## Conclusions

A. At trial, we summarily denied petitioner's introduction of evidence on the first claim upon objection by counsel for respondent. We refused to entertain a collateral suit on behalf of the carpenters in the context of petitioner's divorce proceedings.

Counsel for petitioner argued in response to the objection that his client was not suing on behalf of the carpenters but merely seeking indemnification against possible claims by the carpenters. We rejected this argument. The evidence on the reasonableness of the carpenters' claim, which was objected to by respondent, clearly had nothing to do with indemnification against possible suit by the carpenters. Rather, petitioner sought a specific recovery for himself, asking for a judgment in the amount of $6,500. Such a claim is for a "liquidated" amount, which is hardly consistent with indemnification given the "contingent" nature of any claims the carpenters might have.

More importantly, the pleadings did not alert anyone to anticipate the claim as presented, and certainly respondent did not have adequate notice. The very fact that an argument arose regarding the extent of petitioner's claim (specific recovery versus indemnification) highlighted this lack of adequate notice.

We held the objection to be well founded. The respondent's entitlement to adequate notice and a meaningful opportunity to be heard is a right of constitutional dimensions. At the same time, our conclusions in this regard are without prejudice to any claims which the petitioner may have to indemnification, as well as to any claims which the carpenters may have relating to accord and satisfaction fa'a Samoa.

B. Petitioner's other claim (for reimbursement of proceeds) is totally without merit. This remarkable claim requires the Court to attempt a restoration of divorcing parties to their former positions as if the fact of marriage had never occurred. It would follow, on the logic of petitioner's claim, that respondent should also be reimbursed by petitioner for all monies she had earned from her separate rental car business and which she had contributed during the marriage to such matters as petitioner's upkeep, the upkeep of any members of petitioner's extended household, fa'alavelave involving petitioner's side of the family, petitioner's matai obligations to the village and church, and other similar expenditures. If petitioner had used any of respondent's rental vehicles

37

during the marriage, should he now be liable for rental charges since the marriage is now over?

If the proceeds from the sale of the pickup truck had been spent during the marriage on food for the carpenters, then the proceeds were, indeed, used for a marital purpose --- the marital home ---which undoubtedly benefitted the petitioner as well. Just because the marriage has legally ceased to exist does not mean that such a marital benefit has now somehow taken on the form of a post-marital detriment claimable at the option of one party from the other. During the marriage, a certain amount of water, so to speak, had flowed under the bridge. The Court cannot, in the course of divorce proceedings, turn back that flow of water.

Petitioner is denied relief on both claims.

It is so Ordered.